

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

```
JM:WES                              271 Cadman Plaza East
F.#2010R00609                       Brooklyn, New York 11201
```

February 28, 2011

The Honorable Dora L. Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  United States v. Michael Metter et al.
           <u>Criminal Docket No. 10-600 (DLI)</u>

Dear Judge Irizarry:

      The government respectfully submits this status report as to discovery, in accordance with the court's order during the last status conference in this matter, held on February 4, 2011.

      Later that day, the government filed a letter indicating that it would provide documents obtained from the Securities and Exchange Commission ("SEC") to the defense during the week of February 7, 2011.  Because of technical difficulties, production has been delayed, but the government expects to complete production this week.  The production contains the corresponding exhibits to the transcripts of the SEC depositions, as requested by Maranda Fritz, defense counsel for defendant Michael Metter, in her letter to the government, dated February 11, 2011 ("the February 11, 2011 letter").

      In addition, the government sent a letter on February 4, 2011 to the defense which contained a listing of the 68 hard drives seized on May 5, 2010.  Although that letter indicated that the hard drives were "imaged during the search of four sites on May 5, 2010," agents have informed me that two of the computers were removed from the search sites and imaged elsewhere.  Those two computers were subsequently returned.

      With respect to the availability of the financial records database indicated in the government's last status report to the court, dated January 25, 2011, the government is in the process of copying those records for distribution to the defense.  That process should be completed within two weeks.

2

      With respect to the production of the 68 computers to the defense, the government will make available, by appointment, the specific computers requested in the February 11, 2011 letter. The attorneys who requested an opportunity to review those computers can then indicate to the government any privileged or irrelevant material on those computers that those attorneys believe should not be produced to the rest of the defendants. The government will then make a determination as to those claims before producing those computers to the rest of the defendants.

      Any attorney can request in writing a copy of any other computers seized, and arrangements can then be made for that attorney to provide the government with appropriately-sized hard drives for the purpose of copying the requested computers.

      With respect to the review of the computers by the government, the government will employ a filter team using the search names provided by the defense in its February 11, 2011 letter. For each search name listed in the February 11, 2011 letter, however, each defendant should provide the basis for asserting an attorney-client privilege, including whether the attorney represented any defendant in a personal capacity or whether the attorney represented the company, so that the filter team can assess the validity of the privilege, and whether any exception, such as the crime-fraud exception, applies.

      Respectfully submitted,

      LORETTA E. LYNCH
      United States Attorney

By: /s/_____
      William E. Schaeffer
      Assistant U.S. Attorney
      (718) 254-6059

cc: Clerk of the Court (DLI) (by ECF)
    Defense Counsel (by ECF)