UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        -against-<br><br>MICHAEL METTER, STEVEN MOSKOWITZ, ANDREW TEPFER, also known as "Avi," SEYMOUR EISENBERG, also known as "Jimmy, " GEORGE SPERANZA, THOMAS CAVANAGH, and FRANK NICOLOIS,<br><br>        Defendants. | Index No.: 1:10-cr-0600-DLI |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS BASED ON LACK OF VENUE**

Hinshaw & Culbertson LLP
780 Third Avenue, 4th Floor
New York, New York 10017
*Attorneys for Defendant Michael Metter*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................................1

STATEMENT OF FACTS ..........................................................................................................3

    1. COUNTS THAT ALLEGEDLY OCCURRED IN THE EASTERN
       DISTRICT OF NEW YORK.........................................................................................3

    2. COUNTS THAT ALLEGEDLY OCCURRED IN THE SOUTHERN
       DISTRICT OF NEW YORK OR THE DISTRICT OF COLUMBIA .........................4

ARGUMENT ..............................................................................................................................6

    **POINT I**: ........................................................................................................................6

    THE PROSECUTION OF MICHAEL METTER IN THE EASTERN DISTRICT OF
    NEW YORK CONTRAVENES CONSTITUTIONAL AND STATUTORY VENUE
    PROVISIONS ..................................................................................................................6

    A. APPLICABLE AUTHORITIES RELATING TO VENUE .........................................6

    B. VENUE DOES NOT EXIST AS TO THE CHARGES AGAINST MICHAEL
       METTER.........................................................................................................................9

        1. VENUE AS TO PERJURY ......................................................................................10

        2. VENUE AS TO CONTEMPT OF COURT .............................................................12

        3. VENUE AS TO STRUCTURING.............................................................................12

        4. VENUE AS TO OBSTRUCTION OF JUSTICE.....................................................12

    **POINT II**:......................................................................................................................13

    IN THE ALTERNATIVE, MICHAEL METTER RESERVES THE RIGHT
    TO SEEK SEVERANCE...............................................................................................13

CONCLUSION.........................................................................................................................14

# TABLE OF AUTHORITIES

Page(s)

**CASES**

United States v. Allen,
   24 F.3d 1180 (10th Cir. 1994) ...................................................................................................12

United States v. Bezmalinovic,
   962 F.Supp. 435 (S.D.N.Y. 1997)...............................................................................................13

United States v. Blechman,
   2011 WL 1102988 (D.Kan. 2011) ................................................................................................9

United States v. Cabrales,
   524 U.S. 1 (1998).........................................................................................................................6

United States v. Geibel,
   369 F.3d 682 (2d Cir. 2004).........................................................................................................8

United States v. Gonzalez,
   922 F.2d 1044 (2d Cir. 1991).....................................................................................................11

United States v. Hilger,
   867 F.2d 566 (9th Cir. 1998) .......................................................................................................9

United States v. Manfredi,
   789 F.Supp. 961 (D.Ind. 1992) ..................................................................................................11

United States v. Middlemiss,
   217 F.3d 112 (2d Cir. 2000).........................................................................................................7

United States v. Nadolny,
   601 F.2d 940 (7th Cir, 1979) .....................................................................................................13

United States v. Quattrone,
   441 F.3d 153 (2d Cir. 2006).......................................................................................................12

United States v. Reed,
   773 F.2d 477 (2d Cir. 1985).......................................................................................................11

United States v. Rodriguez,
   465 F.2d 5 (2d Cir. 1972) ..........................................................................................................12

United States v. Rommy,
   506 F.3d 108.(2d. Cir. 2007), *cert denied*, 552 U.S. 1260 (2008) ............................................7

United States v. Rowe,
  414 F.3d 271 (2d Cir. 2005)..................................................................................................8

United States v. Royer,
  549 F.3d 886 (2d Cir. 2008)................................................................................................8, 9

United States v. Saavedra,
  223 F.3d 85 (2d Cir. 2000), *cert denied*, 541 U.S. 1044 (2004)...................................2, 6, 7, 8

United States v. Smith,
  2011 WL 1367032 (April 12, 2011 10th Cir.) ...................................................................7, 11

United States v. Svaboda,
  347 F.3d 471 (2d Cir. 2003)...............................................................................................7, 8

United States v. Villarini,
  238 F.3d 530 (4th Cir. 2001) ................................................................................................8

**STATUTES**

18 U.S.C. § 1001...................................................................................................................11

18 U.S.C. § 1505...................................................................................................................12

18 U.S.C. § 1621(1) ..............................................................................................................10

18 U.S.C. § 3237(a) ................................................................................................................7

**OTHER AUTHORITIES**

Fed.R.Crim.P. 18 ....................................................................................................................6

U.S. Constitution, Article III, 2 .............................................................................................6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　　　-against-<br><br>MICHAEL METTER, STEVEN MOSKOWITZ, ANDREW TEPFER, also known as "Avi," SEYMOUR EISENBERG, also known as "Jimmy, " GEORGE SPERANZA, THOMAS CAVANAGH, and FRANK NICOLOIS,<br><br>　　　　　　Defendants. | Index No.: 1:10-cr-0600-DLI |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS BASED ON LACK OF VENUE**

**Preliminary Statement**

　　　This motion on the issue of venue is made based on the clear contents of the Superseding Indictment, and the relatively straightforward circumstances underlying that Indictment. As reflected in the Indictment, the essence of this case involves allegations of wrongdoing associated with the issuer, Spongetech Delivery Systems ("Spongetech"). Specifically, the government claims that Spongetech and its officers falsified its revenue and issued false press releases and public filings. (Superseding Indictment ("Ind.") at ¶ 15-17). The government claims also that the defendants then engaged in unregistered sales of securities of Spongetech. (Ind. at ¶ 18-21). When the Securities & Exchange Commission ("SEC") then began investigating Spongetech, certain defendants allegedly engaged in perjury and obstruction of justice, again relating to the operations of Spongetech or the sale of its stock. (Ind. at ¶ 22).

　　　The Indictment also confirms the essential facts which bear on the issue of venue: (1) Spongetech was at all times located in New York County (Ind. at ¶ 1); (2) the company that

allegedly directed the sales of unregistered securities, RM Enterprises, was located in New York County (Ind. at ¶ 2); (3) all of the companies that allegedly participated in those sales of unregistered securities were located in New York County (Ind. at ¶¶ 7-10); (4) all overt acts associated with the alleged conspiracy to engage in securities fraud, to the extent that they are discernible, occurred in New York County (Ind. at ¶ 25);  (5) all testimony that is allegedly perjurious occurred at the offices of the SEC in Washington, D.C., where the investigation of Spongetech was conducted (Ind. at ¶¶ 45, 47, 49); and  (6) the search warrants at issue in this case, for the offices of Spongetech and the home of Mr. Metter, were presented to and issued by courts in the Southern District of New York and the District of Connecticut.  Affirmation of Maranda Fritz ("Fritz Aff.") at Exhibits 4 & 6.

Where an investigation is conducted by the SEC at its headquarters in Washington, any resulting case is inevitably brought in the jurisdiction in which the issuer company is located, and where innumerable overt acts would have occurred.  Here, the government has instead pursued its claims in the Eastern District, which appears unconnected to the operations of Spongetech and the allegations or events that are referenced in publicly filed documents.  As to five of the ten counts, the Government has included a conclusory allegations that the conduct occurred "within the Eastern District of New York and elsewhere," (Ind. ¶¶ 24, 27, 30, 32 and 34).  Notably, however, as to the remaining five counts, the Government does not even inject that conclusory allegation (Ind. ¶¶ 41, 43, 45, 47, 49) and instead expressly states that the offenses occurred in either the Southern District of New York or the District of Columbia.  Because venue is lacking as to those counts, and "venue must be laid in a district where all the counts may be tried," United States v. Saavedra, 223 F.3d 85, 88 (2d Cir. 2000), this Indictment should be dismissed.

**STATEMENT OF FACTS**

The allegations that relate to the situs of the alleged participants and the alleged Criminal conduct describe a raft of companies located in New York City, and conduct in either the Southern District of New York or the District of Columbia.  Spongetech is a Delaware corporation with its offices in New York, New York.  Ind. at ¶ 1.  RM Enterprises is a Delaware corporation with its offices in New York, New York.  Ind. at ¶ 2.  AIT Capital and Wesley Equities, operated by defendant Andrew Tepfer, were located in New York, New York.  Ind. ¶¶ 7-8. Asset Management, operated by Seymour Eisenberg, was located in New York, New York.  Ind. at ¶¶ 9-10. [1]

**1. Counts that Allegedly Occurred in the Eastern District of New York**

Counts One and Three of the Indictment, Conspiracy to Commit Securities Fraud and Securities Fraud -- the primary claims in this case -- allege that Mr. Metter and others publicly reported false sales figures and then issued and then engaged in sales of unregistered securities.  Ind. at ¶¶ 15-17.  According to the listed overt acts, Mr. Moskowitz issued false statements in press releases, and Mr. Metter made sales projections in an appearance on "Money TV." Ind. at ¶ 25(c). Mssr.s Moskowitz, Tepfer and Eisenberg then allegedly executed false loan documents and Tepfer and Eisenberg allegedly signed letters seeking legal opinions from an attorney relating to those loans.  Ind. at ¶ 23-25.

Based on the allegations of the Indictment, the Complaint filed by the SEC, and other pleadings in the civil and criminal actions, tt appears undisputed that each of the acts and events

---

[1] The only mention of Brooklyn in the Indictment relates to George Speranza who allegedly became involved in these issues after-the-fact, during the period September and October 2009, creating fictitious web sites that were then provided to the SEC. The Indictment alleges that he has a business at his residence in Brooklyn, New York.  Ind. at ¶¶ 11 & 27-28.

that is referenced in the Indictment would have occurred in the offices of Spongetech in New York, New York. The compilation and entry of revenue and sales figures would have occurred at the offices of Spongetech in New York, New York. The public filings reflect that they were filed by counsel that is located in New York, New York, and those filings were submitted to the SEC in Washington, D.C. The defendants are also alleged to have issued false press releases, which would have also been prepared in New York, New York, reviewed and approved in New York, New York and/or Connecticut, and issued in New York, New York.

The defendants are alleged to have then caused stock to be issued from Spongetech to RM Enterprises, AIT Capital, Wesley, Asset Management, all located in New York, New York. The defendants then, according to the Indictment, obtained "fraudulent legal opinion letters" from attorneys located in New Jersey.

Count Five charges Mr. Metter and others with Conspiracy to Commit Money Laundering, claiming that defendants engaged in transactions with money that was derived from securities fraud. That Count includes the conclusory allegation that the offense occurred within the Eastern District of New York, but includes no suggestion of any contact with or conduct in the Eastern District.

**2. Counts that Allegedly Occurred in the Southern District of New York or the District of Columbia**

Five of the Counts in the Indictment do not even allege that the violation or offense occurred in the Eastern District. Counts Six and Seven, which charge Structuring and Contempt of Court, specifically state that the conduct occurred "in the Southern District of New York." Ind. at ¶¶ 41, 43.

Counts Eight through Ten charge Perjury based on testimony before the SEC, and each of those perjury Counts specifically alleges that the offense occurred "in the District of Columbia."

Ind. at ¶¶ 45, 47, 49. That same testimony before the SEC is also charged in Counts Two and Four, conspiracy to obstruct justice and obstruction. According to those counts, Mr. Metter provided false testimony before the SEC, and Mr. Metter and others furnished "fabricated documents" from counsel, Brown Rudnick, in New York, New York to the SEC in Washington. Those actions were taken allegedly to impede and obstruct "an investigation by the Enforcement Division of the SEC" which "was being had before the SEC." Ind. at ¶ 32.

# POINT I

# THE PROSECUTION OF MICHAEL METTER IN THE EASTERN DISTRICT OF NEW YORK CONTRAVENES CONSTITUTIONAL AND STATUTORY VENUE PROVISIONS

### A.  Applicable Authorities Relating to Venue

In the context of a criminal case, venue is not merely a matter of convenience but is instead a right and protection afforded to every defendant, not once but twice protected by the express language of the United States Constitution.  As explained by the Supreme Court in United States v. Cabrales, 524 U.S. 1, 5 (1998), "[p]roper venue in criminal proceedings was a matter of concern to the Nation's founders."  Article III of the Constitution provides that "the Trial of all Crimes … shall be held in the State where the said Crimes shall have been committed."  U.S. Constitution, Article III, 2.  The Sixth Amendment also specifies the appropriate forum: "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed."  Through these various provisions, "an accused [is afforded] the protection of being tried in the place where he was physically present when the crime was committed."  United States v. Saavedra, 223 F.3d 85, 86 (2d Cir. 2000), *cert denied*, 532 U.S. 976 (2001).

Those protections are embodied in Rule 18 of the Federal Rules of Criminal Procedure, which confirms that "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed."  Fed.R.Crim.P. 18.[2]

---

[2]  The defendant also maintains and seeks to preserve the argument that venue must be proven by the government beyond a reasonable doubt but, at this point this Circuit has held otherwise, finding that venue need only be proven by a preponderance.  *See* United States v. Royer, 549 F.3d 886, 893 n. 7 (2d Cir. 2008).  *But see* United States v. Blechman, 2011 WL 1102988 (D.Kan. March 23, 2011) (court addressed venue issues although the indictment included the conclusory allegation that the offense was committed in the District of Kansas).

6

Congress has also provided that, to the extent that an offense against the United States is found to be a "continuing offense," it may be prosecuted "in any district in which such offense was begun, continued or completed."  18 U.S.C. § 3237(a). If, however, "the crime 'began, continued and w[as] completed in only one district, it must be prosecuted in that district."  United States v. Smith, 2011 WL 1367032 at *7 (10th Cir. April 12, 2011) (citing Cabrales, 524 U.S. at 8).

In any instance in which Congress has provided for venue in multiple jurisdictions, "a narrow interpretation of its venue provision is appropriate." Saavedra, 223 F.3d at 92.

> Notwithstanding Congress' power to define continuing offenses having the potential for multiple venues, the Supreme Court has repeatedly recognized that a cautious interpretative approach is 'more consonant with the considerations of historic experience and policy which underlie [the venue] safeguards in the Constitution.

Id. at 92 (citing Travis v. United States, 364 U.S. 631, 634 (1961) ("[V]enue provisions in Acts of Congress should not be so freely construed as to give the Government the choice of a tribunal favorable to it.").

The determination as to venue requires an analysis of the nature and elements of the charged offense, and the acts that comprise that offense.  Countless commentators and courts have opined at length on the appropriate means by which to determine the *locus delicti* of an offense, but the principles as they apply to this case are now well developed.

> The Supreme Court, continuing the common law teaching, has ruled that where a cause of action arose – the locus delicti of a charged offense – is 'determined from the nature of the crime alleged and the act or acts constituting it.'"

Saavedra, 223 F.3d at 88.  A charge of conspiracy, for example,  may be prosecuted in the district in which the unlawful agreement was reached, or in which an overt act was committed in furtherance of the criminal scheme.  United States v. Rommy, 506 F.3d 108, 119 (2d. Cir. 2007), *cert denied*, 552 U.S. 1260 (2008); United States v. Svaboda, 347 F.3d 471, 483 (2d Cir. 2003), *cert denied*, 541 U.S. 1044 (2004); United States v. Middlemiss, 217 F.3d 112, 121 (2d Cir.

7

2000). Where an overt act committed by another is the arguable basis for venue, the courts in this jurisdiction also consider whether the occurrence of that act in that venue was "reasonably foreseeable to a conspirator." United States v. Rowe, 414 F.3d 271, 279 (2d Cir. 2005).

> Venue is proper in a district where (1) the defendant intentionally or knowingly causes an act in furtherance of the charged offense to occur in the district of venue or (2) it is foreseeable that such an act would occur in the district of venue.

Svaboda, 347 F.3d at 483.

With respect to a substantive count, venue for a criminal proceeding lies where "the offense was committed" or, in the case of securities fraud, where "any act or transaction constituting the violation occurred." United States v. Geibel, 369 F.3d 682, 696-97 (2d Cir. 2004)(dismissing counts of securities fraud because, even though insider information emanated from New York, because conduct in the Southern District was "too anterior and remote to confer venue in the SDNY" and "defendants' contacts with the SDNY are insufficient to establish venue").

Of critical importance here, the Second Circuit authority is clear that, where a defendant is charged with multiple counts, "venue must be laid in a district where all the counts may be tried." Saavedra, 223 F.3d at 88. As stated by the Second Circuit, this proscription by definition imposes limits on the prosecutor's venue options, based on the substantive counts that the prosecutor wishes to pursue.

> [T]he venue potential in a conspiracy case is for the prosecutor to choose from is narrowed by the substantive counts the government wishes to prosecute.

*Id*. at 89. *See* United States v. Royer, 549 F.3d 886, 894 (2d Cir. 2008) ("Where multiple crimes are charged in a single indictment, the Second Circuit has held that 'venue must be laid in a district where all the counts may be tried."); United States v. Villarini, 238 F.3d 530, 533 (4th Cir. 2001) ("When multiple counts are alleged in an indictment, venue must be proper on each

8

count. Venue on a count is proper only in a district in which an essential conduct element of the offense took place."); United States v. Blechman, 2011 WL 1102988 at *4 (D.Kan. 2011) ("When 'a defendant is charged in more than one count, venue must be proper with respect to each count.'"). Thus, a prosecutor may be able to pursue a conspiracy charge in a venue that is remote from the substantive offense, but only if the prosecutor foregoes the substantive charges as to which venue does not lie. *See also* Royer, 549 F.3d at 893.

Where the case has been pursued in a district which is not a proper venue, "dismissal of the indictment is required."

> When venue is improperly laid in a criminal case, dismissal is the appropriate remedy because a district court has no power to transfer such a case to a proper venue.

United States v. Hilger, 867 F.2d 566, 568 (9th Cir. 1998).

### B. Venue Does Not Exist As to the Charges Against Michael Metter

While the issue of venue depends on the particulars of the charged offense, it is useful at the outset to note that this case generally involves the alleged false statements of Spongetech, and the unregistered sales of its securities. Those events consistently and quintessentially involve the Southern District of New York, and these fairly complex constitutional issues would not exist had the case been commenced in that one jurisdiction where the company was located, where the alleged conspirators worked, and where each of the alleged sellers of securities was located. Any effort by the Government to argue that the offenses were committed in the Eastern District, or that an act in the Eastern District was foreseeable, is undercut by this overwhelming confluence of contacts and events in New York, New York.

Given these circumstances, venue even as to the primary claims appears lacking. this because the government has at least alleged in the Indictment that the violations occurred in the

Eastern District, that issue may not be susceptible of resolution at this point.[3]  Clearly, though, the Indictment includes counts against Mr. Metter as to which venue is not even alleged.  The government did not allege that the offenses that were added on to the primary claim of securities fraud occurred in this jurisdiction: the perjury, contempt and structuring offenses are expressly alleged to have occurred in either the Southern District of New York or the District of Columbia.  Because the Government elected to proceed on those charges in a jurisdiction that lacks any meaningful contact to the alleged conduct, and was not foreseeable to the defendant, it is necessary to individually consider each charge to determine whether venue lies in this jurisdiction.

**1. Venue as to Perjury**

The charges of perjury present the plainest issues of venue.  Mr. Metter is charged pursuant to 18 U.S.C. § 1621(1) based on testimony that he provided to the SEC in Washington, regarding the business of Spongetech in New York, New York.  That information was, according to the Indictment, designed and intended to impact the SEC's investigation, also occurring in Washington.  And the Indictment itself fails to allege that the offense occurred in the Eastern District: according to the Indictment, the offense occurred "in the Distrct of Columbia." Ind. at ¶¶ 45, 47.

---

[3]  Venue as to the securities fraud claim would be determined based on application of Section 27 of the Exchange Act. which contains differing guidelines for civil as opposed to criminal matters. A civil proceeding may be brought in any district in which the violation occurred *and* in any district "in which the defendant is found or is an inhabitant or transacts business."  In a criminal proceeding, venue exists not where the defendant is found or resides or transacts business but only where "any act or transaction constituting the violation occurred."  The government will be required to prove that a "non-trivial act [occurred] in the forum district which helps to accomplish a securities law violation." SST Global Technology LLC v. Chapman, 270 F.Supp.2d 444 (S.D.N.Y. 2003).

Ample authority defines the proper venue for a charge of perjury and making a false statement. Venue certainly exists where the allegedly false statement is made. <u>United States v. Manfredi</u>, 789 F.Supp. 961 (D.Ind. 1992) (where SEC deposed defendant in Chicago in connection with a pending civil case in Indiana, held that venue is proper where the perjury occurred or where the affected proceeding was pending); <u>United States v. Gonzalez</u>, 922 F.2d 1044, 1055 (2d Cir.), *cert denied*, 502 U.S. 1014 (1991); <u>United States v. Reed</u>, 773 F.2d 477, 483 (2d Cir. 1985).

In <u>United States v. Smith</u>, 2011 WL 1367032 (10th Cir. April 12, 2011), the court succinctly stated, with respect to a charge under 18 U.S.C. § 1001, that "the locus delicti is where the defendant makes the false statement." In that case, the government insisted that venue lay not only where the statement was made but also in the district where there was a pending investigation. The court rejected the argument in that case, noting that the statement was not recorded or transcribed for use elsewhere. Notably, the court suggested that, had it been transcribed, venue may lie also in the district where the investigation was occurring.

As referenced in the <u>Smith</u> decision, venue may also lie in the jurisdiction where the "parent" or related proceeding is pending. Here again, however, the underlying proceeding was in Washington. Further, the Indictment alleges that the perjury was intended to affect that proceeding, pending in Washington.[4] Venue does not and cannot lie in a jurisdiction in which a proceeding is subsequently initiated, particularly where the government has alleged that the affected proceeding is the investigation itself. <u>Manfredi</u>, 789 F.Supp. at 963-64. Under these

---

[4] Where an obstruction occurs with respect to a judicial proceeding, as opposed to an investigation, a different charge is applicable. Cf. 15 U.S.C. § 1503, 1505, 1512.

11

clear and consistent authorities, venue does not lie in the Eastern District of New York for a charge of perjury based on the testimony of Mr. Metter that occurred in Washington.

### 2. Venue as to Contempt of Court

Count Seven of the Indictment charges certain defendants with a violation of an order issued by the Southern District of New York. The charge itself states that the violation occurred "in the Southern District of New York and elsewhere," and so fails even to allege that the offense occurred in the Eastern District of New York. Venue does not lie in the Eastern District of New York.

### 3. Venue as to Structuring

As with Count Seven, the charge of Structuring in Count Six fails to allege any contact with or conduct in the Eastern District of New York and instead alleges that the conduct occurred "in the Southern District of New York and elsewhere." Ind. at ¶ 41.

### 4. Venue as to Obstruction of Justice

Counts Two and Four charge conspiracy to obstruct justice, and obstruction of an investigation, under 18 U.S.C. § 1505. Specifically, the defendants are charged with obstructing an investigation that was being conducted by the SEC in Washington.[5] That charge of obstruction requires that the Government establish that Mr. Metter knew of the pending investigation and "corruptly endeavored to influence, obstruct or impede" that investigation. United States v. Quattrone, 441 F.3d 153, 174 (2d Cir. 2006).

---

[5] The government did not charge the defendants with obstructing a judicial proceeding, including the subsequent criminal and civil actions. 18 U.S.C. § 1503, 1510. A venue provision exists where the obstruction relates to an actual ongoing proceeding, and establishes venue where that proceeding is pending, but it does not apply to the provision regarding obstruction of investigative activity. 18 U.S.C. § 1512.

The authorities have long provided that the charge of obstruction is discrete in its elements, and should be tried in the jurisdiction where the individual acted. *See* <u>United States v. Rodriguez</u>, 465 F.2d 5 (2d Cir. 1972) (offense of uttering forged instrument to defraud United States was complete when instrument was offered and was a continuing offense). *See* <u>United States v. Allen</u>, 24 F.3d 1180, 1183 (10th Cir. 1994) (prior to 1988, courts had held that obstruction of proceeding could only be prosecuted where the "affected" prosecution was pending, but Congress amended 1512 to provide that venue also exists where the obstructive conduct took place.); <u>United States v. Nadolny</u>, 601 F.2d 940 (7th Cir. 1979) (prosecution for 1505, as opposed to 1503, must occur where the obstructive act occurred). Here, the charge of a conspiracy to obstruct includes communications with Mr. Speranza, and his acts of creating websites, and so may have a connection to the Eastern District of New York. Ind. at ¶¶ 27-28.

The substantive offense of obstruction, however, consists of the actual provision or communication of the information to the investigating authority. Here, the conduct at issue is limited to the testimony of each of the witnesses before the SEC, and the provision to the SEC of allegedly false information. Those events occurred in two locations: New York City and Washington. Ind. at ¶¶ 31-32. Venue does not lie in the Eastern District of New York. See <u>United States v. Bezmalinovic</u>, 962 F.Supp. 435 (S.D.N.Y. 1997) (Venue does not exist in relation to the offense of bank fraud where the defendant did not commit any acts in furtherance of the scheme in that district and could not have foreseen acts in that district).

## POINT II

### IN THE ALTERNATIVE, MICHAEL METTER RESERVES THE RIGHT TO SEEK A SEVERANCE

The government's allegations in this case, and the defendant's response to those allegations, appear to create the circumstance that will require severance of Mr. Metter from his

13

co-defendants, because of both irreconcilable and antagonistic defenses and prejudicial spillover of evidence.  For example, the government alleges that the revenue reportedly derived from international sales was fictitious.  On that issue, Mr. Metter will demonstrate that those day to day sales were conducted and overseen by Mr. Moskowitz, working closely with Barry Kolvezon and others at Spongetech, that both Mr. Moskowitz and Mr. Kolvezon continuously assured Mr. Metter regarding those increases in sales, and that Mr. Metter believed their representations.  That defense will, ultimately, require that the jury conclude that Mr. Moskowitz and others deliberately and affirmatively misled Mr. Metter.

At this point, however, it is unclear whether Mr. Moskowitz will be proceeding to trial in this matter, or what if any defense he will present, and so defendant Metter reserves the right to seek a severance at a later point in the proceedings.

## Conclusion

Based on the foregoing authorities and the contents of the Superseding Indictment, the defendant respectfully requests that the Indictment be dismissed.

DATED:   New York, New York   HINSHAW & CULBERTSON LLP
         May 25, 2011

                               By:    *s/Maranda E. Fritz*
                                      Maranda E. Fritz
                                      780 Third Avenue
                                      4th Floor
                                      New York, NY 10017
                                      212-471-6200
                                      *Attorneys for Defendant MICHAEL METTER*