

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

RB:NR
F.#2010R00609

*271 Cadman Plaza East*

*Brooklyn, New York 11201*

November 14, 2011

BY HAND DELIVERY and ECF

The Honorable Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

             Re:   United States v. Michael Metter et al.,
                   Docket Number 10-CR-600 (DLI)

Dear Judge Irizarry:

             The government respectfully submits this letter to
briefly supplement its response to the defendants' suppression
motion and to update the Court concerning the privilege review of
seized electronic materials.

Defendants' Suppression Motion

             As the Court is aware, defendants Michael Metter and
Andrew Tepfer have moved the Court to suppress 61 hard drives
seized from the offices of Spongetech and RM Enterprises (the
"Spongetech hard drives"), as well as four hard drives seized
from Metter's home (the "Metter hard drives") pursuant to valid
search warrants because the government has not segregated and
returned to the defendants any seized electronic materials beyond
the scope of the warrants.  See Metter's Reply Memorandum In
Support of Motions to Dismiss and Motions to Suppress ("Metter
Reply") at p. 4, 10.

             The defendants' motion fails for the reasons set forth
in the Government's Omnibus Response to Defendants Pretrial
Motions.  Additionally, and most fundamentally, the motions also
fail with respect to the Spongetech hard drives because neither
Metter nor Tepfer assert any reasonable expectation of privacy in
them.  As such, the Court should dismiss their motion as it
concerns these hard drives based on the defendants' lack of
standing alone.  Rakas v. Illinois, 439 U.S. 128, 143 (1978).
Further, Spongetech's Bankruptcy Trustee ("Spongetech Trustee")

has consented to the government's continued possession and review of the Spongetech hard drives and their contents. This position that obviates both the defendants' demand for "forensic analysis" of the Spongetech hard drives and the need for the Court to further consider any objection to the government's continued possession of them.

With respect to the Metter hard drives,[1] the defendants' motion also fails for the reasons set forth in the government's prior submission. In addition, it should be noted that the proposed procedure the defendant sets forth, in which the government would use search terms to cull relevant materials and produces only those materials to the defendants, is insufficient to permit the government to satisfactorily fulfill its obligations under both Federal Rule of Criminal Procedure 16 and Brady v. Maryland, 373 U.S. 83, 87 (1963), and its progeny. Put simply, the government is not prepared to trust that such

---

[1]    The hard drives for three of Metter's four computers were imaged on site on the day of the search, so Metter has been in possession of and had access to those three drives since that day.  A fourth computer was imaged offsite and subsequently returned to defense counsel on August 10, 2010.

In addition to possessing the original Metter hard drives, Metter has been in possession of a copy of the images of the drives made by the government since May 2011.  In a letter dated September 12, 2011, Metter's counsel indicated that the defendant was having trouble accessing the materials contained on the images of the Metter hard drives that the government had provided to Metter.  The government provided counsel with the contact information for the Internal Revenue Service ("IRS") case agent, Special Agent John Carrano, as the IRS created the images provided to Metter.  Special Agent Carrano, in turn, provided defense counsel with the contact number of Special Agent Andrew Weiner, as IRS agent with technical expertise relevant to the production of the Metter hard drives.

On October 14, 2011, Special Agent Weiner received a voice mail message from a paralegal at Hinshaw and Culbertson LLP requesting assistance in viewing the produced images.  Special Agent Weiner returned the call the same day and was informed by the paralegal that the paralegal could not locate the hard drive in question at that time.  Special Agent Weiner agreed to be available to provide assistance to the paralegal or a technical support employee of Hinshaw and Culbertson LLP the following week.  To date, Special Agent Weiner has not received any further contact from defense counsel.  As such, any prejudice to Metter is, at best, theoretical.

important disclosures can be ensured via such an imperfect method.  Instead, as detailed below, the government's proposal to provide the defendant's with all seized materials, excluding attorney-client privileged documents, allows the defendants' to make their own determination as to the relevance or utility of the seized documents, best ensuring that there can be no instance in which a document that should have been produced was not because it did not use certain unpredictable words or phrases.

        Finally, as the Court has previously observed, <u>see</u> transcript of February 4, 2011 hearing at p. 37-39, the defendants' suppression motions are premature.  Rather than force the Court to address these issues at this stage of the litigation, the government respectfully suggests that the question of whether particular documents were properly seized and thus are admissible should be raised on a schedule set by Your Honor in advance of trial.  Specifically, the government proposes that on a date set by the Court in advance of trial, the government make any documents it will seek to introduce at trial available to the defense.  Upon review of those documents, the defendants can then move to suppress any document that they deem inappropriately seized.  In this way, further litigation concerning suppression can proceed in an orderly, streamlined manner.

<u>Attorney-Client Privilege Review</u>

        The government also wishes to provide the Court with an update as to the progress of the production of the Spongetech hard drives, the Metter hard drives and three hard drives seized from the residence of George Speranza (the "Speranza hard drives.")

        On September 2, 2011, the government wrote to defense counsel to inform them that the Spongetech Trustee had waived Spongetech's attorney-client privilege and that the privilege review was being altered accordingly.  In that same letter, the government asked each defendant to confirm which attorney or attorneys had represented him in an individual (rather than corporate) capacity.  Further, based on information previously provided by the defendants about the hard drives on which they believed privileged information might be stored, the government offered to make available images of 27 of the seized hard drives where no defendant had indicated that he believed privileged materials would reside.

        On September 16, 2011, Metter requested a copy of 7 of these 27 hard drives.  In requesting those hard drives, however, Metter again raised questions not only with respect to producing

4

materials outside the scope of the search warrants, but also as to whether the requested materials might include confidential and/or privileged materials aside from the attorney-client privileged materials.

The government again submits that Metter has no standing to raise relevance or confidentiality issues with respect to any hard drives that are not his property. Nonetheless, in an excess of caution and to avoid further litigation of the issue, the government has decided to filter these 27 hard drives for privilege material as well.[2]

At this stage, the government has completed the indexing, processing and tagging of potentially privileged materials for half of the seized hard drives and has prioritized the completion of those hard drives requested by the defendants. The government will produce requested hard drives on a rolling basis as they become available, and expects that it will complete its privilege review of all the seized hard drives in January 2012.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: _____/s/_____
Roger Burlingame
Nathan Reilly
Assistant U.S. Attorneys
(718) 254-7000

cc:  Maranda Fritz, Esq. (via e-mail)
     Avraham Moskowitz, Esq. (via e-mail)
     Clerk of the Court (DLI) (via ECF)

---

[2] The government has indicated to Metter's counsel its willingness to segregate any materials in the Metter hard drive that defense counsel identifies as purely personal prior to providing them to the co-defendant Tepfer. Counsel has, to date, not identified any such material.