```
                                                                    1

 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF NEW YORK
 2
     - - - - - - - - - - - - - - - - X
 3
     UNITED STATES OF AMERICA       :      10-CR-600 (DLI)
 4
         -against-                          U.S. Courthouse
 5                                  :
                                            Brooklyn, New York
 6   MICHAEL METTER
     STEVEN MOSKOWITZ
 7   ANDREW TEPFER
     SEYMOUR EISENBERG
 8   THOMAS CAVANAGH
     FRANK NICOLOIS
 9
                      Defendants    :
10                                          June 29, 2011
     - - - - - - - - - - - - - - - - X      10:00 a.m.
11

12   BEFORE:
                HONORABLE DORA L. IRIZARRY
13              United States District Judge

14

15   APPEARANCES:

16   For the Government:        LORETTA E. LYNCH
                                United States Attorney
17                              271 Cadman Plaza East
                                Brooklyn, New York 11201
18                              BY:  WILLIAM E. SCHAEFFER
                                     Assistant U.S. Attorney
19

20

21   For the Defendant:         HINSHAW & CULBERTSON LLP
     Michael Metter             780 Third Avenue
22                              4th Floor
                                New York, New York 10017
23                              BY:  MARANDA E. FRITZ

24

25


                        RONALD E. TOLKIN, RMR
                        OFFICIAL COURT REPORTER
```

2

```
 1  For the Defendant:       BRAFMAN & ASSOCIATES, P.C.
    Steven Moskowitz         767 Third Avenue
 2                           26th Floor
                             New York, New York 10017
 3                           BY:  MARK M. BAKER

 4

 5  For the Defendant:       MOSKOWITZ & BOOK, LLP
    Andrew Tepfer            345 Seventh Avenue
 6                           21st Floor
                             New York, New York 10001
 7                           BY:  AVRAHAM C. MOSKOWITZ

 8

 9  For the Defendant:       MERINGOLO and ASSOCIATES, P.C.
    Seymour Eisenberg        375 Greenwich Street
10                           7th Floor
                             New York, New York 10013
11                           BY:  JOHN C. MERINGOLO

12

13  For the Defendant:       SCHLAM, STONE & DOLAN
    Thomas Cavanagh          26 Broadway
14                           New York, New York 10004
                             BY:  JAMES C. SHERWOOD
15

16

17  For the Defendant:       PAUL A. BATISTA
    Frank Nicolois           26 Broadway
18                           New York, New York 10004

19

20

21  Court Reporter:          RONALD E. TOLKIN, RPR, RMR, CRR
                             Official Court Reporter
22                           225 Cadman Plaza East
                             Brooklyn, New York 11201
23                           718-613-2647

24

25
```

U.S.A. v. MICHAEL METTER, ET AL.                    3

1        THE CLERK:  Criminal cause for status conference,
2   docket 10-CR-600, United States of America versus Metter, et
3   al.
4        Counsel, please state your appearances for the
5   record.
6        MR. SCHAEFFER:  William Schaeffer for the United
7   States.
8        Good morning, Your Honor.
9        THE COURT:  Good morning.
10       MS. FRITZ:  Maranda Fritz for Mr. Metter.
11  Mr. Metter is with me.
12       THE COURT:  Good morning.
13       MR. MOSKOWITZ:  Good morning, Your Honor.
14       Avraham Moskowitz appearing for Andrew Tepfer.
15       THE COURT:  Good morning.
16       MR. BAKER:  Good morning, Your Honor.
17       Mark Baker appearing for Steven Moskowitz.
18       THE COURT:  Good morning.
19       MR. BATISTA:  Good morning, Your Honor.
20       Paul Batista appearing for Frank Nicolois.
21       THE COURT:  Good morning.
22       MR. MERINGOLO:  Good morning, Your Honor.
23       John Meringolo appearing for Seymour Eisenberg, who
24  is seated to my right.
25       THE COURT:  Good morning.

RONALD E. TOLKIN, RPR, RMR, CRR
OFFICIAL COURT REPORTER

1        MR. SHERWOOD:  Good morning, Your Honor.
2        James Sherwood appearing for Thomas Cavanagh, who is
3    sitting to my right.
4        THE COURT:  Good morning.
5        This matter is on for a status conference.  Just so
6    that, at least where the government -- where the Court thinks
7    we are with respect to motions, there are motions for
8    severance that are fully briefed as to Defendant Nicolois and
9    as to Defendant Cavanagh, is that correct?
10       MR. BATISTA:  Yes, Your Honor.
11       MR. SHERWOOD:  Yes, Your Honor.
12       THE COURT:  There was a separate motion for
13   Defendant Nicolois that was filed as to the dismissal, is that
14   correct?
15       MR. BATISTA:  Correct, Your Honor.
16       THE COURT:  I do have motions to sever that were
17   filed by Eisenberg -- is the only other defendant who thus far
18   has filed a motion to sever, is that correct?
19       MR. MERINGOLO:  Correct, Your Honor.
20       THE COURT:  Then there are motions to suppress
21   seized property by Tepfer and by Michael Metter.  Then, also,
22   a motion to dismiss by Michael Metter.
23       Those are the defense motions that have been filed
24   thus far.
25       MR. SHERWOOD:  Your Honor, there is one

U.S.A. v. MICHAEL METTER, ET AL.                    5

1  additional --
2          THE COURT:  I'd ask you to sit and speak into the
3  microphone.  It's otherwise difficult to hear.  I don't know
4  if you can see, but there's a fan up here.  So the sound
5  dissipates.
6          MR. SHERWOOD:  I wanted to make one addition to Your
7  Honor's list.  The motion to dismiss by Mr. Nicolois, Thomas
8  Cavanagh had joined in that motion.
9          THE COURT:  Okay.
10         MS. FRITZ:  One other item with respect to
11 Mr. Metter.  In his motion, I raised the issue of severance,
12 but take the position that at this point it's premature to
13 really argue the issue since we don't know which defendant
14 will be proceeding.
15         THE COURT:  Ms. Fritz, in connection with your
16 motion, in the first place, I don't know where all of you got
17 the idea that you were supposed to take a scatter gun approach
18 to motion practice here.  That was never my intention when I
19 gave the parties leave to make motions.
20         Ms. Fritz, you filed two separate motions with two
21 separate notices of motions, which was completely unnecessary.
22         What I expect lawyers to do is to do the lawyerly
23 think, which is, to argue in the alternative.  Because I'm
24 going to address all motions to sever at the same time.  So I
25 expect lawyers to argue in the alternative.  "If the Court

U.S.A. v. MICHAEL METTER, ET AL.                                6

1  does not grant my motion to dismiss, this is my argument for
2  severance."
3          That is what I expect to happen, not this scatter
4  gun approach.  And not filing two separate sets of motions.  I
5  then have to read the background of the case twice, as does my
6  law clerk.  It's a real waste of time.
7          MS. FRITZ:  Your Honor, the motion relating to
8  severance and the motion to dismiss are filed as one motion.
9          THE COURT:  You reserved your right to make the
10 motion to sever.
11         MS. FRITZ:  Those are addressed in one pleading.
12         THE COURT:  You reserved the right to make the
13 motion.  That is not making the motion.  That is reserving the
14 right.
15         MS. FRITZ:  Yes.  The only reason why there's a
16 separate document is it related very specifically to the very
17 discrete issue of the scope of the search warrant, the
18 procedures with respect to the search warrant.
19         THE COURT:  Ms. Fritz, there is no reason why you
20 can't have an outline and separate your papers into two parts
21 Fritz.
22         MS. FRITZ:  Absolutely true, Your Honor.
23         THE COURT:  I don't understand why there is this
24 insistence on creating more work for the Court.  And more work
25 for the lawyers, quite frankly.

RONALD E. TOLKIN, RPR, RMR, CRR
OFFICIAL COURT REPORTER

1  Now, I did grant an extension of time to the
2  government to respond to all of the motions that are not yet
3  fully briefed.  So the government's response is now due by
4  July 25th.  The defendants replies are now due by August 8th.
5  Now, where are we on discovery?  That's been an
6  ongoing issue.
7  MR. SCHAEFFER:  Judge, I just want to first inform
8  the Court that the case is --
9  THE COURT:  I'm not hearing you.
10  MR. SCHAEFFER:  I just turned my microphone on.
11  I just wanted to inform the Court that the case is
12  going to be reassigned to another assistant because I am
13  actually leaving the U.S. Attorney's Office.  So I wanted to
14  address where we are on the status, where we are with the
15  case.  Make sure that before I leave it's on track according
16  to the schedules we have been discussing.
17  So with respect to discovery, the update is that the
18  government received a letter from the defense counsel, as
19  directed by the Court, specifying more information that would
20  be useful to a filter team in analyzing certain seized
21  evidence.
22  And so the process of analyzing that evidence with a
23  filter team and a filter prosecutor has begun.  That includes
24  the computers seized during the searches, certain e-mails that
25  were seized pursuant to a separate search warrant and a small

U.S.A. v. MICHAEL METTER, ET AL.                                    8

1  set of physical documents that were also seized during the
2  initial search warrants.
3              THE COURT:  The filtering process is underway?
4              MR. SCHAEFFER:  Yes.  But at the same time, certain
5  hard drives were provided to attorneys for Defendants Metter
6  and Tepfer.  This was with the view toward those attorneys
7  reporting back to the government if there was any material
8  that they thought should not be either reviewed by the
9  government or turned over to codefendants.
10             I do not believe I've received any thing subsequent
11 to turning those hard drives over to those two defense
12 attorneys.
13             But beyond that, the filter process aside --
14             THE COURT:  Excuse my interruption, Mr. Schaeffer.
15 When were those hard drives provided?
16             MR. SCHAEFFER:  The agents were dealing directly
17 with the attorneys.  So I'm not sure.  Maybe a month or six
18 weeks.
19             THE COURT:  The obligation of the AUSA was going to
20 be reporting to the Court to speak to your agents and notice
21 information.
22             MR. SCHAEFFER:  I think the Metter computer was
23 probably about six weeks ago.  And the Tepfer computer was a
24 couple of weeks later.
25             Only a couple of weeks ago?

1       MR. MOSKOWITZ:  Yes.

2       THE COURT:  You know, given that there's been so
3  much dispute here as to when certain items were given, and
4  what items have been given, it seems to me that more care
5  would be exercised in keeping track as to when these things
6  are being given and whether or not it's being physically done
7  by the agents.

8       The ultimate responsibility for reporting to the
9  Court is on the attorney who is going to appear in court.  It
10 should be backed up with a letter filed on the docket.

11      So just before you move onto anything else, with
12 respect to the hard drives, what's going on?

13      MS. FRITZ:  Your Honor, I have begun the review of
14 the hard drives.  Some of the material is accessible, some is
15 not accessible.  We went through a period of a couple weeks
16 going back and forth with technical individuals.

17      We've now gained access to most of the materials,
18 and we're continuing to review that material.  I think we've
19 able to review it -- I think we've had access to it now for
20 about two weeks.  We're continuing to review.

21      THE COURT:  What does that mean?  When will you be
22 done with the review and when are you going to provide what
23 you think may or may not be privileged?

24      And it seems to me that that also, in order to
25 expedite the process, should be provided to the government on

U.S.A. v. MICHAEL METTER, ET AL.                              10

1  a rolling basis.
2              MS. FRITZ:  We can certainly do that.
3              THE COURT:  Why do I have to tell you people this?
4  Honestly, this has been a discussion we've been having since
5  the beginning of the case.  I'm expecting the discovery to go
6  from both ends on a rolling basis.
7              I don't want to have to come here every two months
8  to babysit and find out who has given what to whom.  Let's get
9  the ball rolling here, okay.  Because it's the defense whose
10 been crying that there's been all this delay about giving
11 things.  You can't now sit on the material and wait and just
12 give everything in one huge bunch to the government and expect
13 them to give you a turn around in a week.  That's just not
14 practical.
15             MS. FRITZ:  Yes, Your Honor.
16             MR. MOSKOWITZ:  Your Honor, on behalf of Mr. Tepfer,
17 we got the hard drive about two weeks ago.  We also
18 experienced significant difficulty getting into the material.
19 We are first beginning the review process now and we will
20 provide any privileged documents that we find to the
21 government on a rolling basis.
22             THE COURT:  Mr. Schaeffer, you can continue.
23             MR. SCHAEFFER:  So, really, the -- other than this
24 last issue, which has been outstanding for sometime, relating
25 to basically the digital data, most of the discovery in the

1  case has been completed.  Any remaining discovery is just a
2  small portion of what has already been turned over.
3         The only issue, I think, which will obviously have
4  to be addressed with the new assistant assigned to the case,
5  is --
6         THE COURT:  Who is that person?
7         MR. SCHAEFFER:  The office has not reassigned the
8  case yet.  But the only issue is still the same issue from the
9  start, which is, given the vast amount of information that was
10 seized, for the defense attorneys to specify whether they want
11 all of that evidence or a portion of it.  This would be,
12 obviously, after the filter review is completed.
13        I'm really not certain that every defense attorney
14 wants every computer, an image of every computer, every e-mail
15 account and every document.  But that can be addressed when we
16 get to it.  But that is an issue that will need to be
17 addressed.
18        I still have been going by the until told otherwise,
19 that the government is prepared to turn over everything that
20 was seized.
21        THE COURT:  All right.  I'll hear from the
22 defendants.  Any issues outstanding with respect to the
23 discovery, other than waiting to review the hard drives?
24        Are any hard drives to be turned over to any of the
25 remaining defendants?

1  MR. SCHAEFFER: No, Your Honor.
2  THE COURT: Other than Tepfer.
3  MR. SCHAEFFER: No one has requested them. And if
4  you actually take a look at the inventory of evidence that
5  we've seized and compare that to the letter given by defense
6  counsel, I think there are any number of computers that,
7  should defense attorneys want them, can be provided without
8  any issue relating to the filter review.
9  So we can start that process. I think that is
10 accurate.
11 THE COURT: I don't know why there's any wait on
12 this process, because this is a process that is time
13 consuming. It takes time. It takes time for the government
14 to turn it over. It takes time for the defense to be
15 reviewing it. So people, get off the seat and start doing it.
16 I shouldn't have to be telling counsel to get the process
17 rolling.
18 This has been an ongoing discussion now since the
19 beginning of the case. And every time I come here, it seems
20 that this is the thread of what the Court has to tell counsel,
21 from both ends, which is, get moving.
22 Is the new assistant on the case going to be able to
23 address the motions in a timely way?
24 MR. SCHAEFFER: That is the government's intention.
25 We have been working on that.

U.S.A. v. MICHAEL METTER, ET AL. 13

1  THE COURT: It is June 29th. There's a lot here for
2  somebody to absorb.
3  MR. SCHAEFFER: The government is aware of that.
4  THE COURT: All right. I'm going to put this on,
5  this case, assuming that all counsel are available, for
6  October 14th for oral argument, a hearing or decision on the
7  motions. That's all the motions together.
8  Are all counsel available at that time?
9  MR. BATISTA: October 14th?
10 THE COURT: October 14th.
11 MR. BATISTA: Yes.
12 THE COURT: Everyone else available most post.
13 MR. MOSKOWITZ: One moment, Judge. I have to check
14 my calendar.
15 THE COURT: Mr. Schaeffer, when the new assistant
16 comes on to the case, they have to file a notice of
17 appearance. The clerk's office won't automatically put them
18 on the docket.
19 MR. SHERWOOD: Your Honor, I believe that I will be
20 traveling out of the country on that date. If we can move it
21 a week further on, that would be fine.
22 THE COURT: When are you returning?
23 MR. SHERWOOD: At the end of that week, as I recall.
24 THE COURT: October 14th is a Friday.
25 MR. SHERWOOD: Anytime the next week should be fine,

U.S.A. v. MICHAEL METTER, ET AL.                    14

1    Judge.  Or thereafter.  It's just that particular week is not
2    good.
3              THE COURT:  How is 9:30 on Thursday, October 20th?
4              MR. MOSKOWITZ:  I think, Judge, that is the Jewish
5    holidays.  I think they fall out Thursday and Friday.
6              THE COURT:  Which holiday?
7              MR. MOSKOWITZ:  Succoth, Judge.  So if we did it on
8    Wednesday the 19th.
9              THE COURT:  I have a trial scheduled for that week.
10             MR. MOSKOWITZ:  The following week is also fine.  I
11   think Friday is a problem.
12             THE COURT:  That's going way too far out.  I also
13   have to take into consideration that I need time to review all
14   these motions, especially since counsel have been so
15   considerate and split up all these motions and not done them
16   altogether, as I originally requested.  So I can't move it up
17   earlier.
18             THE COURT:  How is 9:30, Monday, October 24th?  That
19   is a Monday.  Does that still fall on the Jewish holiday?
20             MR. MOSKOWITZ:  No.  That's fine, Judge.
21             THE COURT:  What are the dates for Succoth?
22             MR. MOSKOWITZ:  I think 13, 14, 20 and 21.
23             THE COURT:  13, 14, 20 and 21.
24             All right.  So if everybody is available, then
25   October 24th at 9:30.  I will possibly have a spill over of

U.S.A. v. MICHAEL METTER, ET AL.     15

1  one trial and will be starting another one that day.  So I
2  will notify counsel if something changes as far as the Court's
3  availability.
4          Anything else the parties want to address?
5          MR. MOSKOWITZ:  No, Your Honor.
6          THE COURT:  Time has been excluded for motion
7  practice until October 24th.
8          All right.  The parties are excused.
9          Actually, Mr. Baker, can I see you on an unrelated
10 matter, on a different matter.  And I'll ask Mr. Schaeffer to
11 come too, I don't want to have an ex-parte conversation, to
12 stand in for the government.
13         The parties are excused.
14         This doesn't have to be on the record.
15         (Whereupon the matter was concluded.)

RONALD E. TOLKIN, RPR, RMR, CRR
OFFICIAL COURT REPORTER